| | |
|---|---|
| Lonnie R. Boswell, ) | |
| ) | |
| Plaintiff, ) | CA No. 6:00-3419-20 |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Rich's Department Store, Inc., and ) | |
| Stevens and Wilkinson of South ) | |
| Carolina, Inc., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| Of Which ) | |
| ) | |
| Rich's Department Store, Inc. is ) | |
| ) | |
| Defendant and Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Haywood Mall, Inc.; Cousins ) | |
| Properties, Inc.; Monumental ) | |
| Haywood, Inc.; Haywood Mall ) | |
| Associates, a Joint Venture; and ) | |
| Choate Construction Co., ) | |
| ) | |
| Third-Party Defendants. ) | |

This matter is before the court on third-party defendant Choate Construction Company's ("Choate") motion for summary judgment. This case arises from injuries Lonnie R. Boswell ("Boswell") sustained while working as a security guard at Haywood Mall ("Mall") in Greenville, South Carolina. The court has diversity jurisdiction over this case

pursuant to 28 U.S.C. § 1332. For the reasons below, the court denies Choate's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Choate was awarded a contract to renovate Rich's Department Store, Inc.'s ("Rich's") store located in the Mall. Choate was to build an additional story on what was originally a one-story structure. The air-conditioning unit that served Rich's entire building was located on the roof of the original structure. The plans developed by defendant architect Stevens and Wilkinson of South Carolina, Inc. ("Architect") called for Choate to essentially construct the second story around the air-conditioning unit. Completion of the second story resulted in the location of the air-conditioning unit at the bottom of a twenty-one foot deep pit.

In September 1998, Boswell, now a resident of Illinois, worked as a security guard for Corporate Property Investors ("CPI"). CPI contracted with the Mall to provide security guards for the Mall's common areas. On September 8, 1998, Boswell was on the roof of Rich's conducting surveillance of suspected shoplifters. While on Rich's roof, Boswell fell into the air-conditioning pit and sustained severe injuries.

After recovering on a workers' compensation claim, Boswell filed suit against Rich's and the Architect in this court alleging that Rich's was negligent in maintaining the air-conditioning pit without proper safety precautions. Boswell also alleges that the Architect's design was negligent in that it failed to incorporate certain safety precautions—specifically, that the pit was not encircled by a guardrail. Rich's filed a third-party complaint against Choate and the Mall alleging that it is entitled to contractual and equitable indemnity from both parties. Choate now moves for summary judgment.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. Indemnity

Rich's claims that the following provision in its contract with Choate requires Choate to indemnify Rich's for Boswell's injuries:

> Contractor agrees to indemnify and defend the owner against any and all claims . . . arising from injury to . . . persons . . . occurring, wholly or in part, as a result of the work done or omitted to be done by, or contracted to be done but not done by, the contractor or his subcontractors . . . whether any such injury . . . is due in part or claim to be due, in the whole or in part, to any negligence or fault of the owner or its employees, agents or invitees, other than when such injury, death or damage arises from the sole negligence or willful misconduct of the owner, its employees, agents or independent contractors directly responsible to the owner . . . .

(Rich's Third-party Compl. Ex. C ¶ 11.3.) Choate argues that because it performed its work in accordance with the construction contract's plans and specifications, Boswell's injuries were caused by the sole or superseding negligence of Rich's or the Architect. Specifically, Choate says the absence of a guardrail around the pit is the fault of the Architect, and that it cannot be held liable for negligence because it complied with its contractual duty to follow the Architect's plans and specifications. Finally, Choate argues that because the pit's dangerous condition was open and obvious and Rich's knew that people would be on the roof, Rich's negligence supersedes that of Choate because Rich's did nothing to improve the pit's safety in the seven years before the accident.

Rich's argues that the construction contract imposed an independent duty on Choate to bring inconsistencies in the project's specifications to both the Architect and Rich's attention. Rich's bases this argument on the following provision in the construction contract:

> Contractor shall carefully study and compare any drawings or specifications referenced in the Contract Documents and shall at once report to the Owner in writing any error, inconsistency or omission which he may discover. The Owner makes no warranty regarding the completeness, correctness or adequacy of any plans or specifications and the Owner expressly disclaims any such warranties. Should the Contractor discover any error or inconsistency in the Contract Documents the Contractor, before proceeding with the Work, shall call the Architect's attention to same for proper adjustment and shall notify the Owner. The Contractor shall not avail himself of any manifestly unintentional error or omission should such exist.

(Id. at ¶ 1.2.8.) One of Boswell's experts identified three alleged building code violations in Choate's construction. (Deborah Hyde Depo. at Ex. 1.) For purposes of summary judgment, the court agrees with Rich's that this provision imposed a duty on Choate to comply with existing building codes and to inform Rich's or the Architect of any non-complying

specifications. Whether Choate actually violated any building codes is in dispute. Therefore, summary judgment is inappropriate as to Rich's contractual indemnity claim.

Likewise, Choate's argument that Rich's negligence is a superseding cause of Boswell's injuries cannot form a basis for summary judgment. Choate bases this argument on section 452 of the Restatement (Second) of Torts:

> (1) Except as stated in Subsection (2), the failure of a third person to act to prevent harm to another threatened by the actor's negligent conduct is not a superseding cause of such harm.
> (2) Where, because of lapse of time or otherwise, the duty to prevent harm to another threatened by the actor's negligent conduct is found to have shifted from the actor to a third person, the failure of the third person to prevent such harm is a superseding cause.

Restatement (Second) of Torts, § 452. In response, Rich's argues that if it is negligent, such negligence is concurrent, not superseding. The court agrees.

The comments and illustrations to the Restatement provision on which Choate relies support Rich's argument. Illustration one depicts a scenario in which the owner of a house has some work performed by a contractor which leaves the condition of a city sidewalk in a dangerous condition. The city is notified and fails to repair the sidewalk. The city's failure to repair the sidewalk is not a superseding cause relieving the contractor of liability to a pedestrian injured because of the sidewalk's dangerous condition. See id. at illus. 1. This scenario is similar to the case at bar. Boswell's experts testified that Choate's construction failed to comply with existing building codes and that Choate had a duty to warn of the pit's dangerous conditition. (David Pike Depo. at 155-58.) Therefore, the court cannot decide at the summary judgment stage that Rich's negligence supersedes that of Choate, and Choate's motion must be denied. Furthermore, for the reasons cited above, the court finds that genuine



5

issues of material fact exist which also preclude granting Choate's motion for summary judgment on Rich's cause of action for equitable indemnification.

Therefore, it is

**ORDERED** that Choate's motion for summary judgment is denied.

**IT IS SO ORDERED.**

Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 22, 2001